**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Eric Lee GRUNDZA, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 10, 2002.
Filed Feb. 26, 2003.

MaryJean Glick, Lancaster, for appellant.

Vincent R. Mazeski, Assistant District Attorney, Lancaster, for Com., appellee.

Before: JOHNSON, KLEIN, and GRACI, JJ.

GRACI, J.

¶ 1 Appellant, Eric Lee Grundza (hereinafter "Grundza"), seeks relief from a judgment of sentence imposed following a bench trial. For the reasons that follow, we remand.

## I. PROCEDURAL HISTORY

¶ 2 Following a search of Grundza's vehicle in which marijuana and ecstasy were found, Grundza was charged with Possession with Intent to Deliver Marijuana, 35 P.S. § 780–113(a)(30), and Possession with Intent to Deliver Ecstasy, 35 P.S. § 780–113(a)(30). Grundza filed a Motion to Suppress. Testimony was taken and the motion was denied on November 6, 2001. On the same date, Grundza was convicted of two counts of possession with intent to deliver. Grundza was sentenced on January 9, 2002, to a period of incarceration of not less than six nor more than twenty-three months, followed by two years probation for possession with intent to deliver marijuana and a period of incarceration of not less than six nor more than twenty-three months, followed by three years probation for possession with intent to deliver ecstasy, both sentences being concurrent to each other.

¶ 3 Grundza timely filed his notice of appeal on February 7, 2002, a 1925(b) statement on March 21, 2002, and now raises the following issues:

I. Did the trial court err in denying [Grundza's] suppression motion, where [Grundza] was subjected to an investigative detention in the absence of reasonable suspicion?

II. Did the trial court err in denying [Grundza's] suppression motion, where [Grundza's] statements, the search of his vehicle, the arrest of his girlfriend, and the search of her purse were the fruit of a continued investigative detention, in the absence of reasonable suspicion?

Brief for Appellant, at 5.

## II. SCOPE AND STANDARD OF REVIEW

"Our standard of review of a denial of suppression is whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error." Our scope of review is limited; we may consider "only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." "Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts."

*Commonwealth v. Reppert*, 814 A.2d 1196, 1200 (Pa.Super.2002) (citations omitted).

## III. DISCUSSION

¶ 4 In this case, the trial court did not enter findings of fact or conclusions of law on the record at the conclusion of the suppression hearing in accordance with Pa. R.Crim.P. 581(I).

¶ 5 Pa.R.Crim.P. 581(I) states as follows:

At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions

of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought.

The record before us contains only a statement of the trial court that Grundza's consent was not coerced. It otherwise contains no findings of fact or conclusions of law. An appellate court "does not in the first instance make findings of fact and conclusions of law." *Commonwealth v. Jackson*, 464 Pa. 292, 346 A.2d 746, 748 (1975). Due to the suppression court's failure to comply with Rule 581(I), we are precluded from our appellate function of determining "whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error." *Reppert*, 814 A.2d at 1200 (citation omitted).

¶ 6 Furthermore, the trial court did not file a 1925(a) opinion.[1]

Pa.R.A.P.1925(a) states as follows:

(a) **General rule.** Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

"The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review." *Common-*

*wealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 308 (1998).

¶ 7 Accordingly, we remand to the suppression court for findings of fact and conclusions of law in accordance with Pa. R.Crim.P. 581(I) and for the filing of a 1925(a) opinion. A new suppression hearing is not necessary. When necessary, the judgment of sentence should be vacated and the case remanded for a new suppression hearing. *Commonwealth v. Pitts*, 740 A.2d 726 (Pa.Super.1999); *see also Commonwealth v. Jackson*, 483 Pa. 101, 394 A.2d 930 (1978) appeal after remand, 464 Pa. 292, 346 A.2d 746 (1975) (where remand for a new suppression hearing was warranted after a period of five years had elapsed between the time that the original suppression hearings were conducted and the time when the court would be called upon to set forth its findings of fact). We find it unnecessary to remand for a new suppression hearing as we find the present case distinguishable where a lapse of only approximately sixteen months will exist between the original suppression hearing and our remand. The court is accorded forty-five days to comply with its obligations upon remand as described in this opinion.

¶ 8 Case remanded with instructions. Jurisdiction retained.

---

1. We note that the filing of a 1925(a) opinion is no substitute for the failure to make findings of fact and conclusions of law on the record at the conclusion of a suppression hearing in accordance with Pa.R.Crim.P. 581(I). However, without either findings of fact and conclusions of law or a 1925(a) opinion, our review is severely impeded. *See, e.g. Reppert*, 814 A.2d at 1200 (despite trial court's failure to state his findings of fact on the record or at the conclusion of the suppression hearing we were able to conduct our review based on the statements in the trial court's 1925(a) opinion).