J-S54036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COREY MCCULLOUGH | |
| Appellant | No. 1642 MDA 2013 |

Appeal from the Judgment of Sentence entered January 27, 2012
In the Court of Common Pleas of Lackawanna County
Criminal Division at Nos: CP-35-CR-0003154-2010 & CP-35-CR-0003155-2010

BEFORE: LAZARUS, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 09, 2014**

Corey McCullough appeals *nunc pro tunc* from the judgment of sentence entered on January 27, 2012 for his conviction of crimes of drug dealing. He challenges the denial of his motion to suppress, an evidentiary ruling by the trial court, and the weight of the evidence. We reject Appellant's arguments and affirm the conviction, but conclude *sua sponte* that Appellant's sentence is illegal under **Alleyne v. United States**, 133 S. Ct. 2151 (2013), and **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). Therefore, we vacate and remand for resentencing.

On or around October 1, 2010, a confidential informant told Officer Jason Gula of the Scranton Police Department's Special Investigative

Division (SID) that a man named "Corey" was selling narcotics.[1] Officer Gula relayed the information to the SID supervisor, Sergeant David Mitchell, who advised that "Corey" might be Appellant. Sergeant Mitchell had previously arrested Appellant for drug dealing. The informant identified "Corey" as Appellant after Officer Gula gave him a picture of Appellant. At Officer Gula's behest, the informant called Appellant to arrange a meeting to buy one-half ounce of cocaine for $840.00.

The informant told Appellant that someone else would meet him to buy the cocaine, and the informant gave Appellant Officer Gula's phone number. Officer Gula traveled to North Scranton, and Appellant said to follow his car to Cusick Avenue. When Appellant stopped, Officer Gula approached and identified himself as a police officer. Backup arrived, and officers arrested Appellant. As the police officers were extracting Appellant from his vehicle, he kicked the driver's side door with his foot. Sergeant Mitchell noticed a clear plastic baggie wrapped in a white napkin, containing what appeared to be powder cocaine. Sergeant Mitchell also saw the cellphone, later identified as the phone Appellant used to arrange the buy. During a search incident to arrest of Appellant, police officers found on him another cellphone and $862.00.

_____

[1] Unless otherwise noted, we take the facts from the Trial Court Rule 1925(a) Opinion, 11/30/12, at 1-3, issued by the trial court regarding the initial appeal in this case.

Police officers prepared to impound the vehicle, which did not belong to Appellant. Consistent with Scranton Police Department policy, they conducted an inventory search. During that search, they found crack cocaine in the center console. They immediately stopped the search and obtained a warrant. During the subsequent search, officers found 16 plastic baggies containing crack cocaine.

Appellant was charged in two separate criminal informations, docketed at Nos. CR-3154-2010 and CR-3155-2010. At No. 3154, Appellant was charged with possession with intent to deliver (PWID), attempt to deliver a controlled substance, criminal use of a communication facility. At No. 3155, Appellant was charged with one count of PWID.[2] Appellant moved to suppress the evidence uncovered during his arrest, arguing that he was stopped and arrested without probable cause, and that the subsequent vehicle searches were fruits of an illegal arrest and done without a search warrant. The trial court denied the motion, and Appellant proceeded to a jury trial. The jury found Appellant guilty of all three charges at No. 3154, but acquitted him of the PWID count charged at No. 3155.

_____

[2] 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. §§ 901 and 7512(a), respectively. The PWID and attempt charges in No. 3154 pertain to the powder cocaine. The PWID charge in No. 3155 pertain to the crack cocaine found in the center console of Appellant's vehicle. *See* Trial Court Rule 1925(a) Opinion, 11/30/12, at 3 n.1.

Prior to sentencing, the Commonwealth gave notice of intention to pursue a mandatory minimum sentence of five years, based on the weight of the cocaine recovered and Appellant's prior drug-trafficking conviction. At sentencing, the trial court found the predicate fact necessary to trigger the mandatory sentence, based on Appellant's stipulation to a chemist's report finding that the testing of the substance taken from him contained 13.2 grams of cocaine powder. *See* N.T. Sentencing, 1/27/12, at 2-3. The court imposed a concurrent sentence of two and one-quarter to four and one-half years for attempted delivery and a consecutive sentence of one to two years for criminal use of a communications facility. Appellant's aggregate sentence is six to twelve years, with eligibility for early release under the Recidivism Risk Reduction Incentive program.

On March 22, 2012, the trial court entered an order purporting to deny Appellant's post-sentence motions, though no such motions appear on the docket or in the certified record.[3] Appellant appealed to this Court, but we quashed the appeal as untimely. *Commonwealth v. McCullough*, 69 A.3d 1292 (Pa. Super. 2013) (unpublished memorandum). Thereafter, Appellant

---

[3] Appellant contends that the post-sentence motions were filed but not reflected on the docket. Appellant's Brief at 7. This Court has determined in the prior appeal, however, that no post-sentence motions were filed.

successfully sought restoration of his appellate rights, and this appeal *nunc pro tunc* followed.[4]

Appellant raises three issues for our review:

1. Did the [t]rial court err in failing to suppress the evidence seized from [Appellant's] vehicle because this evidence was obtained as a result of the warrantless arrest and search of [Appellant] and the vehicle without probable cause?

2. Did the [t]rial [c]ourt abuse its discretion in allowing [Appellant's] probation officer to testify because this was an impermissible means of admitting [Appellant's] inadmissible prior convictions?

3. Was the jury's verdict on the charge of attempt to deliver a controlled substance against the weight of the evidence because the jury could not reasonably conclude, on the evidence presented, that a substantial step toward the commission of the crime was established?

Appellant's Brief at 5.

Appellant first challenges the denial of his motion to suppress.[5] Appellant argues that his arrest for attempting to deliver cocaine was "presumptively unreasonable" because police failed to obtain an arrest

---

[4] The trial court did not require a concise statement of errors complained of on appeal for this appeal *nunc pro tunc*. The Rule 1925(a) opinion referenced above regards the first, quashed appeal.

[5] The trial court denied Appellant's suppression motion in a one-line order, and failed to make the required findings of fact and conclusions of law in support of its order. *Cf.* Pa.R.Crim.P. 581(I); ***Commonwealth v. Miller***, 888 A.2d 680, 688-89 (Pa. 2005); ***Commonwealth v. Grundza***, 819 A.2d 66 (Pa. Super. 2003). The trial court addressed Appellant's suppression motion in a subsequent opinion, so we do not need to remand for the entry of findings of fact.

warrant. He further argues that police lacked probable cause to arrest him, or to subsequently search him and his vehicle.

We review an order denying a motion to suppress as follows:

> In addressing a challenge to a trial court's denial of a suppression motion, we are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the Commonwealth prevailed in the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as it remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Scarborough*, 89 A.3d 679, 683 (Pa. Super. 2014) (quotation omitted).

Appellant contends police needed a warrant to arrest him. This argument is meritless. Appellant cites no authority for his proposition that a warrantless arrest is presumptively unreasonable. Rather, "the Fourth Amendment permits warrantless arrests in public places where an officer has probable cause to believe that a felony has occurred," *Florida v. White*, 526 U.S. 559, 565 (1999), and also for any criminal offense committed in a police officer's presence, *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Moreover, Pennsylvania law allows police officers to arrest without warrant upon probable cause that (a) the person has committed murder or a felony; (b) the person has committed murder, a felony, or a misdemeanor in the officer's presence; or (c) the person has committed a misdemeanor

outside of the officer's presence and a statute permits warrantless arrest. Pa.R.Crim.P. 502(2).

In this case, Officer Gula arrested Appellant in public for allegedly committing several felonies. Both the Fourth Amendment and Pennsylvania law explicitly authorize such a warrantless arrest. Therefore, Appellant's arrest was lawful if supported by probable cause, and there is no merit to Appellant's argument that Officer Gula needed a warrant.

> Probable cause to effectuate an arrest exists when the facts and circumstances within the knowledge of the arresting officer are reasonably trustworthy and sufficient to justify a person of reasonable caution in believing that the arrestee has committed an offense. In addressing the existence of probable cause, courts must focus on the circumstances as seen through the eyes of the trained police officer, taking into consideration that probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent men act.

*Commonwealth v. Thompson*, 93 A.3d 478, 486 (Pa. Super. 2014) (quotation omitted).

Appellant contends that Officer Gula lacked probable cause to arrest him. We disagree. Officer Gula was a member of the SID, and had experience in investigating drug trafficking. He and Appellant spoke on the phone, and Appellant agreed to sell Officer Gula one-half ounce of cocaine for $840.00. Appellant chose the meeting place on Cusick Avenue in North Scranton and directed Officer Gula to follow his vehicle to consummate the transaction. Additionally, the police knew that Appellant had been arrested in the past for drug dealing. It is immaterial that Officer Gula did not know

that Appellant had drugs in his vehicle, as Appellant was arrested for, *inter alia*, **attempting** to deliver a controlled substance and criminal use of a communications facility, neither of which necessarily entails actual possession of cocaine. In sum, the arrest of Appellant was lawful.[6]

_____

[6] In dissent, our Learned Colleague contends Officer Gula lacked probable cause because he did not have proof that Appellant committed attempted delivery of a controlled substance or, therefore, criminal use of a communications facility (which requires proof of an underlying felony).

However, to arrest Appellant, Officer Gula need only probable cause of a crime—not proof enough to convict. Probable cause requires only that "facts and circumstances within the knowledge of the arresting officer are reasonably trustworthy and sufficient to justify a person of reasonable caution in believing that the arrestee has committed an offense." ***Thompson***, 93 A.3d at 486. In contrast, a conviction requires proof of each element of the offense beyond a reasonable doubt, a much higher standard. "Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the probable-cause decision." ***Commonwealth v. Dommel***, 885 A.2d 998, 1002 (Pa. Super. 2005) (quoting ***Maryland v. Pringle***, 540 U.S. 366, 371 (2003)) (internal alterations and brackets omitted).

Moreover, to the extent the Dissent uses evidentiary sufficiency to dispute the existence of probable cause, we note Appellant has not raised the sufficiency of the evidence on appeal. Although that issue may be raised for the first time on appeal, ***see*** Pa.R.Crim.P. 606(A)(7), Appellant has not done so here. ***See*** Pa.R.A.P. 2116(a) (issues not included in statement of questions involved are waived); ***Commonwealth v. Bryant***, 57 A.3d 191, 196 n.7 (Pa. Super. 2012) (concluding the appellant failed to preserve challenge to sufficiency of evidence to support indecent assault conviction by not including it in his statement of questions involved).

Finally, we reject the Dissent's reweighing of the facts known to Officer Gula when he arrested Appellant. Our standard of review requires us to accept factual findings supported by the record, *i.e.*, that Officer Gula believed the man inside the vehicle on Cusick Avenue to be the person who called him, agreed to sell him cocaine, and arranged to meet him at that very place. In

*(Footnote Continued Next Page)*

Because Appellant's arrest was lawful, the evidence seized from his person and the vehicle was not fruits of the poisonous tree. "A fruit of the poisonous tree argument requires an antecedent illegality." *Commonwealth v. Johnson*, 68 A.3d 930, 946 (Pa. Super. 2013) (quotation omitted). In addition, a search incident to arrest is automatic upon a lawful arrest. *Commonwealth v. Ingram*, 814 A.2d 264, 272 (Pa. Super. 2002). Here, there was no antecedent illegality. Therefore, the drugs, cellphone, and money do not constitute fruits of the poisonous tree. Appellant does not raise any independent illegality in the seizure of the evidence from his person and the vehicle, and we will not consider any such arguments.

In his second issue, Appellant contends the trial court erred in permitting his probation officer to testify in rebuttal over his objection. Appellant argues that allowing the probation officer to testify violated Pennsylvania Rule of Evidence 404(b) in that it allowed the jury to infer his guilt based on prior convictions. The Commonwealth contends that the probation officer's testimony was proper for the limited purpose of impeaching Appellant's testimony that the cocaine found on him was for personal use, as Appellant never tested positive for drugs.

*(Footnote Continued)* ─────────

any event, it strains credulity to believe the person inside the vehicle could be anyone else but the man who agreed to sell Officer Gula drugs.

- 9 -

We review a trial court's admission of evidence for an abuse of discretion. *Commonwealth v. Viera*, 659 A.2d 1024, 1028 (Pa. Super. 1995). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence or the record." *Id.* (internal quotation omitted).

Rule 404(b)(1) prohibits the use of a crime, wrong, or other act to prove a person's character. Pa.R.E. 404(b)(1). Rule 404(b) reflects the common law concept that the prosecution cannot use prior convictions or other uncharged acts to prove the defendant's guilt. *Commonwealth v. Ross*, 57 A.3d 85, 98-99 (Pa. Super. 2012) (*en banc*). Rule 404(b)(2), however, allows the admission of such evidence for any other purpose, including as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2). In a criminal case, other acts evidence is admissible only if "if the probative value of the evidence outweighs its potential for unfair prejudice." *Id.*

Other purposes for admitting other acts evidence include impeachment of witnesses. For example, in *Viera*, we approved the testimony of the defendant's parole officers to rebut his alibi defense. *Viera*, 659 A.2d at 1029. Similarly, in *Commonwealth v. Hill*, 666 A.2d 642, 649 (Pa. 1995), our Supreme Court found no violation where the defendant's probation

- 10 -

officer testified in rebuttal to impeach the defendant's claims that she had no probation violations and had not been using drugs.

In this case, Appellant testified that he was using cocaine daily. In other words, Appellant attempted to show that the cocaine found on him was for personal use, and that he lacked the intent necessary to commit PWID or attempted delivery. To rebut his testimony, the Commonwealth called Appellant's probation officer. The probation officer testified that he tested Appellant for drug use weekly, and that the tests were negative. Therefore, the probation officer's testimony properly had the effect of impeaching Appellant's credibility. Under *Hill* and *Viera*, impeachment is a proper use of other acts evidence.

Moreover, the probative value of the evidence outweighed its prejudicial effect. The probative value of the evidence was high because it rebutted the impression that Appellant was a drug-user as opposed to a dealer. In addition, it was probative of Appellant's intent to distribute cocaine. The Commonwealth attempted to sanitize the probation officer's testimony. It did not elicit testimony as to why Appellant was under supervision. It also tried to de-emphasize the fact that Appellant was under supervision for a previous conviction. In sum, the trial court did not abuse its discretion in allowing Appellant's probation officer to rebut his claim that he possessed cocaine merely for personal use.

Appellant finally argues that he is entitled to a new trial on the charge of attempted delivery of a controlled substance, because the jury's verdict

was against the weight of the evidence. We cannot address this issue, because Appellant did not raise it before the trial court.

A claim that a verdict is against the weight of the evidence must be raised in a motion for a new trial either (1) orally on the record, before sentencing; (2) in a written-presentence motion; or (3) in a post-sentence motion. Pa.R.Crim.P. 607(A). Failure to properly preserve the claim results in waiver, even if the trial court addresses the weight of the evidence in its opinion. **Thompson**, 93 A.3d at 490 (quoting **Commonwealth v. Lofton**, 57 A.3d 1270, 1273 (Pa. Super. 2012)). It is axiomatic that a party cannot raise an issue for the first time on appeal. Pa.R.A.P. 302(a).

Here, the record shows that Appellant never requested a new trial as required by Rule 607(A).[7] Though he purportedly filed a post-sentence motion, the motion is not in the certified record. No pretrial oral or written motion exists, either. Finally, we have already determined—in a prior appeal—that Appellant did not file a post-sentence motion. This issue is not preserved and, therefore, is not reviewable.

Having rejected Appellant's arguments, we turn to the legality of his sentence under **Alleyne**. An **Alleyne** issue concerns the legality of a sentence, meaning that it cannot be waived, can be raised by this Court *sua*

_____

[7] In its brief, the Commonwealth concedes that Appellant challenged the weight of the evidence in a motion for a new trial. Appellee's Brief at 17. However, we have reviewed the record and have found no such motion.

*sponte*, and applies retroactively to cases pending on direct appeal. **Newman**, 99 A.3d at 90.

In this case, Appellant received a five-year mandatory minimum sentence as required by 18 Pa.C.S.A. § 7508(a)(3)(ii). Section 7508 contains a schedule of mandatory sentences that must be imposed on defendants convicted of certain drug crimes based on the amount and type of drugs, and the defendants' prior drug-trafficking convictions. Appellant received a five-year mandatory minimum sentence, because he was convicted of PWID of between 10 and 100 grams of cocaine, and he had been convicted of a prior drug trafficking offense. ***Id.***

Section 7508 provides, in relevant part:

**(a) General rule.--**Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

* * *

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

* * *

(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in

prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity[.]

**(b) Proof of sentencing.--** Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

*Id.* § 7508 (other subsections omitted). In ***Alleyne***, the Supreme Court of the United States held that any fact triggering a mandatory minimum sentence is an element of the crime, and must be found by a jury beyond a reasonable doubt. ***Alleyne***, 133 S. Ct. at 2155. Therefore, § 7508(b), above, violates ***Alleyne***. ***See Commonwealth v. Watley***, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*) (*dicta*).

Subsequent to ***Watley***, this Court held that 42 Pa.C.S.A. § 9712.1,[8] which contains identical language as § 7508(b), is facially unconstitutional

---

[8] Section 9712.1 provided:

**(a) Mandatory sentence.--**Any person who is convicted of a violation of [35 P.S. § 780-113(a)(30)] . . . , when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed

*(Footnote Continued Next Page)*

under **Alleyne**. **Newman**, 99 A.3d at 97-98. Moreover, the **Newman** court found that § 9712.1's triggering language is inseparable from the remainder of the statute. **Id.** at 101-03. This holding essentially voids § 9712.1 in all cases.

Following **Newman**, a panel of this Court found that 42 Pa.C.S.A. §§ 9712 and 9713,[9] which contain identical language as § 9712.1, are

_____

*(Footnote Continued)* ——————————

> about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.
>
> * * *
>
> **(c) Proof at sentencing.--**Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9712.1 (other subsections omitted).

[9] 42 Pa.C.S.A. § 9712 provided a five-year mandatory sentence for anyone who committed a crime of violence while possessing a "a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense." Section 9713 provided a five-year mandatory sentence for anyone who committed a crime of violence on or near public transportation.

unconstitutional. ***Commonwealth v. Valentine***, 2014 PA Super 220, 2014 WL 4942256, 2014 Pa. Super. LEXIS 3420 (filed Oct. 3, 2014). In ***Valentine***, we vacated the defendant's sentence as unconstitutional, even though the trial court attempted to comply with ***Alleyne*** by presenting an interrogatory to the jury, asking it to find beyond a reasonable doubt whether the defendant possessed a firearm or committed the offense on public transportation. ***Id.*** at *8-9; 2014 Pa. Super. LEXIS 3420, at *21-23. We concluded the trial court's procedure, while innovative, could not be justified in light of ***Newman***. ***Id.***, 2014 Pa. Super. LEXIS 3420, at *21-23.

We are reluctant to raise *sua sponte* the constitutionality of a statute, but ***Newman*** and ***Valentine*** require us to do so. Because § 7508 contains language identical to that found fatal to the statutes in ***Newman*** and ***Valentine***, § 7508 is void in its entirety.[10] Even though Appellant stipulated to the weight of drugs involved at trial, the mandatory sentence cannot be applied. We see no difference between the stipulation in this case and the

---

[10] As noted above, § 7508 contains a schedule of mandatory sentences based on the weight of drugs involved and the defendant's prior record. ***Alleyne*** does not apply to prior convictions. ***Alleyne***, 133 S. Ct. at 2160 n.1. However, just as we cannot sever § 7508(b) from the remainder of the statute, we are unable to sever the constitutional, prior-record mandatory provisions from the unconstitutional, drug-weight mandatory provisions.

jury's findings in **Valentine**. Appellant's sentence is illegal, and must be vacated.[11]

In conclusion, we find no merit to any of the issues raised by Appellant. His conviction must be affirmed. We conclude *sua sponte* that the mandatory minimum sentencing statute used here is unconstitutional under **Newman**. Therefore, we vacate the judgment of sentence and remand to the trial court for resentencing without consideration of 18 Pa.C.S.A. § 7508(a)(3)(ii).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Mundy joins the Majority.

Judge Lazarus files a Dissenting Memorandum.

---

[11] The unconstitutionality of § 7508 does not affect the trial court's discretion to impose any other lawful sentence. **See Alleyne**, 133 S. Ct. at 2163 ("We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."); **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*) (noting that **Alleyne** does not affect a trial court's ability to deviate from the Sentencing Guidelines); **Valentine**, 2014 WL 4942256, at *9 2014 Pa. Super. LEXIS 3420, at *25-26 (Gantman, P.J., concurring in the result) (noting that **Alleyne** does not preclude the use of a deadly weapon sentencing enhancement).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014