J-A25016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.S., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1996 EDA 2016 |

Appeal from the Order Entered June 10, 2016
In the Court of Common Pleas of Lehigh County Criminal Division at No(s):
CP-39-JV-0000216-2016

BEFORE:   OTT, J., STABILE, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY OTT, J.:                    **FILED SEPTEMBER 26, 2017**

The Commonwealth appeals from the order entered June 13, 2016, in the Court of Common Pleas of Lehigh County, granting the suppression motion filed by J.S.  The Commonwealth has certified the order will terminate or substantially handicap the prosecution.   *See* Pa.R.A.P. 311(d).

At the outset, we observe Pennsylvania Rule of Criminal Procedure 581(I) provides:

> At the conclusion of the [suppression] hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought.

Pa.R.Crim.P. 581(I). Instantly, the Honorable John L. Braxton of the Court of Common Pleas of Philadelphia County, who heard the suppression motion when he was sitting as a senior judge on the Lehigh County bench following

_____

* Former Justice specially assigned to the Superior Court.

the retirement of a Lehigh County jurist,[1] did not enter on the record a statement of findings of fact and conclusions of law. *See* Pa.R.Crim.P. 581(I). Moreover, the Honorable James T. Anthony of the Court of Common Pleas of Lehigh County has filed a Pa.R.A.P. 1925(a) opinion in which he states that "the record is unclear regarding Judge Braxton's reasons for granting the motion, and I am unable to request an opinion pursuant to Rule 1925(a)(1) as Judge Braxton is no longer sitting in Lehigh County." Pa.R.A.P. 1925(a) Opinion, 3/7/2017, at 2 (footnote omitted).

"An appellate court does not in the first instance make findings of fact and conclusions of law." *Commonwealth v. Grundza*, 819 A.2d 66, 68 (Pa. Super. 2003) (quotations and citation omitted) (explaining court's failure to comply with Rule 581(I) precluded meaningful appellate review, necessitating remand for issuance of findings of fact and conclusions of law). Accordingly, we are obliged to remand this case to the Lehigh County Court, which shall contact Judge Braxton who, in turn, shall make findings of fact and conclusions of law in accordance with Pa.R.Crim.P. 581(I), and file a Pa.R.A.P. 1925(a) opinion. These tasks shall be fulfilled within 60 days of the filing date of this judgment order.

The Commonwealth shall have seven days thereafter to file a supplemental brief, and J.S. shall have seven days to file a supplemental

_____

[1] *See* Pa.R.A.P. 1925(a) Opinion, 3/7/2017, at 1 n. 1.

responsive brief. The Prothonotary is directed to set a briefing schedule for the supplemental briefs and list this appeal before the next available argument panel following receipt of Judge Braxton's findings of fact and conclusions of law, and his Rule 1925(a) opinion.

The Prothonotary is further directed to send a copy of this Judgment Order to Senior Judge Braxton in the Court of Common Pleas of Philadelphia County.

Case remanded with instructions. Jurisdiction retained. Panel jurisdiction relinquished.

*Judgment Entered.*

_____

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/26/2017*