J-S22011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVON HOWARD | : | |
| | : | |
| Appellant | : | No. 405 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 8, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007216-2021

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:         **FILED: August 30, 2024**

Devon Howard appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas on March 8, 2023. Howard asserts the trial court erred in denying his motion to suppress. We affirm.

Howard was charged by criminal information with DUI−highest rate of alcohol, DUI−general impairment, and the summary offense of periods for requiring lighted lamps.

On January 20, 2023, Howard filed a pretrial motion to suppress evidence, challenging the legality and constitutionality of the traffic stop. A suppression hearing was held on February 2, 2023. The Commonwealth presented the testimony of Officer Timothy McDonough of the Millvale Police Department and also introduced into evidence Officer McDonough's body

camera footage of the interaction. The defense presented the testimony of Kimberly Schatzel, Howard's mother. Howard did not testify at the hearing.

The record shows the following factual background. On July 3, 2021, Officer McDonough was on duty, finishing up another traffic stop, when he observed a vehicle traveling with no headlights illuminated drive down the road and make a turn. *See* N.T., Suppression Hearing, 2/2/23, at 6. Officer McDonough got behind the vehicle and subsequently observed the vehicle commit multiple traffic violations, including having no headlights illuminated, crossing the double yellow line approximately 3 times, and driving over the curb during a turn. *See id*. Officer McDonough accordingly pulled the vehicle over. *See id*.

Upon pulling the vehicle over, Officer McDonough determined Howard to be the driver, and only occupant. *See id*. at 7. Officer McDonough informed Howard as to the reasons he was pulled over. *See id*. at 7-8. Officer McDonough had his body camera activated during the stop. *See id*. at 8. The Commonwealth admitted Officer McDonough's body camera footage into evidence with no objection and played the footage for the court. *See id*. at 9.

Based on the video footage, Officer McDonough clarified that it appeared there was a little bit of light in front of the vehicle because Howard's "running lights were on, which is like the turn signal lights, and then the fog lights were illuminated as well." *Id*. at 10. However, Officer McDonough maintained that the headlights were not illuminated. *See id*. at 10-11.

On cross-examination, Officer McDonough testified he followed Howard for approximately one mile and had a clear line of sight of Howard's vehicle the whole time. *See id*. at 14-15. Officer McDonough indicated there were no other vehicles around Howard's vehicle and there were no vehicles between his car and Howard's vehicle.

Schatzel testified that she was on the scene that day. *See id*. at 21. That night, they were at her daughter's wedding, where Howard was the best man. *See id*. After the wedding was over, they left at the same time in two separate cars to go to the same house. *See id*. Schatzel was a passenger in the other vehicle, driven by Howard's stepfather, and had not been drinking that night. *See id*. Schatzel's car pulled out of the venue first, and Howard pulled out behind them. *See id*. at 22. Schatzel stated she looked back to make sure he was behind them and saw Howard "in a big white truck with headlights on." *Id*. Howard then passed them, and they followed him into Millvale, until he was stopped by the police. *See id*.

Following the hearing, the court denied the motion to suppress. The court granted a continuance for a non-jury trial.

On March 8, 2023, following a non-jury trial, the court found Howard guilty of the above charges. The court immediately imposed a sentence of 2 to 4 days' incarceration with permission to participate in the DUI Alternative to Jail program. The court additionally imposed a concurrent 6-month probation term to start immediately, completion of Alcohol, Highway, Safety

School, plus a fine. The two DUI charges merged for sentencing, and the court imposed no further penalty for the summary offense. No post sentence motions were filed. This timely appeal followed.

On appeal, Howard argues the suppression court erred in denying his motion to suppress evidence.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of the suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007) (citations omitted). Furthermore, questions of credibility and the weight to be accorded to witness testimony are issues within the sound discretion of the trial court. *Commonwealth v. Fitzpatrick*, 666 A.2d 323, 325 (Pa. Super. 1995).

After a review of the record, it appears the suppression court did not provide any findings of fact or conclusions of law on the record following the suppression hearing as is required under Pennsylvania Rule of Criminal Procedure 581(I).[1] *See* N.T. Suppression Hearing, 2/2/23, at 37 (simply

---

[1] Howard did not raise this issue with the suppression court or as an issue on appeal. However, Howard does briefly note the failure in his statement of the case and in a footnote in his appellate brief. *See* Appellant's Brief, at 7, 15 FN1. He has not asked for relief for this failure.

stating the motion was denied); *see also* Pa.R.Crim.P. 581(I) ("At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute....").

Usually, the absence of findings of fact or conclusions of law by the trial court prevents meaningful appellate review. *See Commonwealth v. Grundza*, 819 A.2d 66, 68 (Pa. Super. 2003) (remanding case and ordering suppression court make findings of fact and conclusions of law and file Pa.R.A.P. 1925(a) opinion). However, "[w]here a trial court fails to abide by Rule 581(I), [ ] this court may look at the trial court's Rule 1925(a) opinion to garner findings of fact and conclusions of law." *Commonwealth v. Stevenson*, 832 A.2d 1123, 1126 (Pa. Super. 2003) (citing *Commonwealth v. Reppert*, 814 A.2d 1196, 1200 (Pa. Super. 2002)).

We find the suppression court's failure to abide by Rule 581 has not impeded our appellate review due to the court's subsequent explanation of its rationale in its Pa.R.A.P. 1925(a) opinion. However, we emphasize that both our Supreme Court and this Court have strongly disapproved of a suppression court's failure to abide by Rule 581's "unambiguous mandate." *See Commonwealth v. Millner*, 888 A.2d 680, 688 (Pa. 2005) (explaining the purpose of the rule); *Grundza*, 819 A.2d at 68 n.1 (noting "the filing of a 1925(a) opinion is no substitute for the failure to make findings of fact and

conclusions of law on the record" but that the Court's review was severely impeded by the additional failure to file a 1925(a) opinion). We proceed to address the merits of Howard's claim raised on appeal.

In his sole claim raised on appeal,[2] Howard contends the court erred in denying suppression because the officer lacked a proper basis for conducting a traffic stop of his vehicle because his head lights were illuminated.

For a stop based on the observed violation of the vehicle code or otherwise non-investigable offense, an officer must have probable cause to make a constitutional vehicle stop. ***Commonwealth v. Feczko***, 10 A.3d

_____

[2] Howard raised a second issue in his 1925(b) concise statement, arguing alternatively that even if the stop were proper, the extension of the stop to investigate matters unrelated to the subject of the stop was unconstitutional. ***See*** 1925(b) Concise Statement, 6/21/23, at 3-4. We find this claim is waived.

First, "appellate review of an order denying suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal." ***Commonwealth v. Little***, 903 A.2d 1269, 1272–73 (Pa. Super. 2006). Here, Howard asserted in his suppression motion only that the initial stop was not supported by a proper basis because his headlights were on, and no other violations could be confirmed because the officer was not recording during the one-mile length of time he was following Howard's vehicle. ***See*** Motion to Suppress, 1/20/23, at 4. This is also the only issue argued at the suppression hearing. ***See*** N.T., Suppression Hearing, 2/2/23, at 30 ("Your Honor, the question is whether Officer McDonough had probable cause to seize Mr. Howard."). Therefore, this alternate theory of relief is waived on this basis.

Further, Howard did not raise this issue in his appellate brief. We therefore find this issue waived on this basis as well. ***See Commonwealth v. Heggins***, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) ("[A]n issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived.") (citation omitted).

1285, 1291 (Pa. Super. 2010) (*en banc*) ("Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation.").

Here, the suppression court found Officer McDonough credibly testified that he stopped Howard's vehicle on the basis that Howard did not have his headlights illuminated in violation of 75 Pa.C.S.A. § 4302(a)(1), periods for requiring lighted lamps. Since an investigation following the traffic stop would have provided Officer McDonough with no additional information as to whether Howard violated Section 4302, probable cause was necessary to initiate the stop on this basis. *See Feczko*, 10 A.3d at 1291.

Our Supreme Court has defined probable cause as follows:

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the [stop], and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a *probability,* and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

*Commonwealth v. Martin*, 101 A.3d 706, 721 (Pa. 2014) (citation omitted) (emphasis in original). Pennsylvania law makes clear, however, that a police officer has probable cause to stop a motor vehicle if the officer observes a traffic code violation, even if it is a minor offense. *See Commonwealth v. Chase*, 960 A.2d 108, 113 (Pa. 2008).

Here, Officer McDonough stopped Howard's vehicle for a violation of Section 4302, which provides, in relevant part, the following:

**(a) General rule**.—The operator of a vehicle upon a highway shall display the lighted head lamps and other lamps and illuminating devices required under this chapter for different classes of vehicles, subject to exceptions with respect to parked vehicles, at the following times:

(1) Between sunset and sunrise.

75 Pa.C.S.A. § 4302(a)(1) (bold in original).

The suppression court found Officer McDonough was credible and did not waiver in his testimony:

Officer McDonough clearly and specifically testified that Defendant did not have head lamps on in both direct testimony and on cross examination. Even when Defense showed the video identifying that lights were on, the Officer clarified that the lights were not the head lamps.

Suppression Court Opinion, 8/18/23, at 4.

In supporting his argument, Howard argues that the evidence shows his headlights were illuminated.[3] However, credibility determinations lie within the discretion of the suppression court. ***See Fitzpatrick***, 666 A.2d at 325. While the court believed that Schatzel was being truthful as to what she

---

[3] In support of his argument that the facts do not support his violation of Section 4302(a)(1), Howard contends a few times throughout his appellate brief that the Commonwealth withdrew the charge for periods for requiring lighted lamps at the preliminary hearing. ***See*** Appellant's Brief, at 10, 12, and 16. This is inaccurate. The Commonwealth withdrew the summary charges of careless driving, driving while operating privilege suspended, and driving without a license. Howard was found guilty of periods for required lighted lamps and was sentenced to no further penalty for that offense.

believed she observed, the court ultimately found the officer's observations to be valid, accurate, and reliable.

Further, failure to illuminate headlights was not the sole reason Officer McDonough pulled Howard over. Rather, Officer McDonough also testified that he observed Howard cross the double yellow lines approximately three times and run over the curb. These are also violations of the vehicle code that can support probable cause to stop Howard's vehicle. Howard does not appear to contest these additional findings on appeal.

We find the suppression court did not err in denying Howard's motion to suppress based on the vehicle stop. The court's findings are supported by the record and the court clearly credited the officer's testimony. Accordingly, this issue is without merit.

As we find Howard is not entitled to relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

August 30, 2024