J-A23009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COLONIAL GLEN APARTMENTS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERICA J. STRANG | : | |
| | : | |
| Appellant | : | No. 556 MDA 2024 |

Appeal from the Order Entered March 5, 2024
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2023-CV-05029

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                **FILED: NOVEMBER 19, 2024**

Erica J. Strang appeals *pro se* from the March 5, 2024 order granting the request of Colonial Glen Apartments ("Landlord") to reassess and increase the amount of damages owed by Appellant to Landlord following her eviction. We vacate the order and remand for further proceedings.

In light of our disposition, we need not delve into the specifics of the underlying eviction action.  Suffice it to say, Landlord evicted Appellant in November 2023, based upon, *inter alia*, her paramour residing in the apartment as an unauthorized occupant.  In compliance with the eviction proceedings, Appellant vacated the premises.  Two months later, Landlord sought to reassess and increase the damages owed by Appellant to Landlord for various reasons.  Having no other mailing address, Landlord served Appellant at the address from which she had been evicted.  On March 5, 2024, having received no response from Appellant, the court granted the

reassessment motion. On March 14, 2024, Appellant filed a motion for reconsideration, alleging that she lacked notice of Landlord's reassessment request. However, for reasons unknown, the motion did not reach the trial court until more than thirty days had passed from the March 5 order.

In the meantime, Appellant filed a timely notice of appeal to this Court. The trial court did not order a Pa.R.A.P. 1925(b) concise statement, and none was filed. In its Rule 1925(a) opinion, the court has asked us to vacate and remand for it to address the notice issue and, if appropriate, allow Appellant to mount a defense to the motion to reassess. Additionally, the court observed that it was troubled by Landlord's decision to mail the reassessment motion to the address from which Appellant had been evicted, as well as Landlord's refusal to email the motion to Appellant, despite the record indicating that Landlord should have been aware of her email address. Finally, the court explained that it would have held a hearing to assess Appellant's notice complaint if it had received the motion for reconsideration while the court still retained jurisdiction over the March 5 order.

Appellant presents seven issues for our consideration in her statement of questions. Notably, these questions do not line up with the argument section of her brief, which presents eight issues. Moreover, the development of her multitudinous issues barely exceeds one paragraph per issue and wholly lacks citation to legal authority or the record. For example, the entirety of Appellant's argument for her first issue was presented thusly: "**Is a motion such as the motion to reassess generally considered opposed?**

**Discussion**: The appellant is bothered by this motion. **Suggested Answer**: Yes. Appellant demands the reassessment of damages be denied and the order be rescinded." Appellant's brief at 8. The discussions for the remaining issues are lengthier, but also fail to cite to the record or pertinent authority. *Id*. at 8-14. Thus, her brief clearly violates Pa.R.A.P. 2119(a), which provides in pertinent part that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

We have discretion to dismiss an appeal for substantial defects in the appellant's brief. *See* Pa.R.A.P. 2101. Further, although we are "willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training." ***Branch Banking & Tr. v. Gesiorski***, 904 A.2d 939, 942 (Pa.Super. 2006) (cleaned up). Despite the significant deficiencies in Appellant's brief, our review is not hampered because, for the reasons that follow, we do not reach the merits of her issues. Therefore, we decline to dismiss her appeal.

Critically, we glean from the record that the fundamental complaint underlying this appeal is Appellant's lack of notice as to Landlord's motion to reassess. Landlord maintains that it properly served Appellant in accordance with the Pennsylvania Rules of Civil Procedure and that we should affirm the order granting its reassessment request. Given the posture of this case, the

trial court did not make a factual determination as to whether Appellant had notice of the reassessment proceedings. Accordingly, as noted *supra*, the trial court has implored us to remand the matter so that it can make such a finding.

It is well-settled that "[a]n appellate court does not in the first instance make findings of fact and conclusions of law." **Commonwealth v. Grundza**, 819 A.2d 66, 68 (Pa.Super. 2003) (cleaned up); **see also SLT Holdings, LLC v. Mitch-Well Energy, Inc.**, 249 A.3d 888, 896 n.9 (Pa. 2021) (explaining that it is appropriate for appellate courts "to refrain from assuming the role of our trial courts to perform fact-finding and analysis of the parties' submissions in the first instance"). Given the undeveloped record before us and that the trial court has not had the opportunity to assess whether Landlord properly served and notified Appellant of the reassessment motion, we agree with the court's request to vacate and remand.

Based on the foregoing, we vacate the March 5, 2024 order and remand for the trial court to consider whether Appellant had adequate notice.[1] Thereafter, the court shall proceed on Landlord's reassessment motion as it deems fit.

---

[1] We withhold comment on the perceived merits of Appellant's notice complaints because of the undeveloped record and our Supreme Court's admonishment that it is inappropriate for an appellate court "to impose a view as to whether the facts support a particular finding or conclusion the trial court did not address." **SLT Holdings, LLC v. Mitch-Well Energy, Inc.**, 249 A.3d 888, 896 n.9 (Pa. 2021) (citation omitted).

Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/19/2024