J-A10035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.H., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: N.H., MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1461 EDA 2024 |

Appeal from the Dispositional Order Entered May 7, 2024
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-JV-0001426-2022

BEFORE: PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 22, 2025**

Appellant, N.H., a juvenile, appeals from the dispositional order adjudicating him delinquent for robbery of a motor vehicle, conspiracy to commit robbery of a motor vehicle, theft by unlawful taking, theft by receiving stolen property, and unauthorized use of a motor vehicle.[1] He challenges both the denial of his motion to suppress victim identifications of him and the sufficiency of the evidence supporting his adjudication. The Honorable Joseph L. Fernandes, who presided over Appellant's May 7, 2024 dispositional hearing, has filed an opinion, addressing both claims raised by Appellant for our review. Nevertheless, because the Honorable Jonathan Q. Irvine, who

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3702(a), 903(c)/3702(a), 3921(a), 3925(a), and 3928(a), respectively.

presided over Appellant's May 2, 2023 suppression hearing did not place findings of fact and conclusions of law in the record, remand is necessary.

Pennsylvania Rule of Juvenile Court Procedure 350(C) provides:

At the conclusion of the [suppression] hearing, the court shall enter on the record a statement of fact and conclusions of law as to whether the evidence was obtained in violation of the juvenile's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought.

Pa.R.J.C.P. 350(C).

Instantly, at the end of the suppression hearing, the court simply remarked, "Based upon the evidence presented in court today, and the testimony, [the] motion to suppress the physical evidence in this case and the identification is denied." N.T. Suppression Hearing, 5/2/23, 57.

"An appellate court does not in the first instance make findings of fact and conclusions of law." *Commonwealth v. Grundza*, 819 A.2d 66, 68 (Pa. Super. 2003) (citation and internal quotations omitted). Due to the suppression court's failure to comply with Rule 350(C), we are precluded from our appellate function of determining, with respect to the denial of the suppression motion, "whether the record supports the [juvenile] court's factual findings and whether the legal conclusions drawn therefrom are free from error." *Grundza*, 819 A.2d at 68 (addressing an absence, in violation of Pa.R.Crim.P. 581(I), of an on-the-record statement of findings of fact and conclusions of law by a suppression court in a criminal matter); *see also Commonwealth v. Rivera*, 311 A.3d 1160, 1162 n.2 (Pa. Super. 2024) ("Although a 1925(a) opinion is not substitute for the failure to make findings

of fact and conclusions of law on the record at the conclusion of a suppression hearing, appellate review may be possible based on facts in an opinion in support of an order on appeal.") (citation and internal quotation marks omitted); **Commonwealth v. Stevenson**, 832 A.2d 1123, 1126 (Pa. Super. 2003) ("[w]here a trial court fails to abide by [Pa.R.Crim.P.] 581(I), [ ] this Court may look at the trial court's Rule 1925(a) opinion to garner findings of fact and conclusions of law.") (citation omitted).

Accordingly, we remand to the suppression court for entry of findings of fact and conclusions of law in accordance with Rule 350(C) and for the filing of a supplemental Rule 1925(a) opinion, addressing the suppression claims identified in Appellant's Rule 1925(b) statement, which are basis for the suppression claims raised on appeal:

> b. The trial court erred and abused its discretion in denying Appellant's motion to suppress the complainant's out-of-court identification, because the circumstances were unduly suggestive, and the identification was insufficiently reliable.
>
> c. The trial court erred and abused its discretion in denying Appellant's motion to suppress the complainant's in-court identification, because it was the fruit of the unlawful out-of-court identification and was insufficiently independently reliable.

Appellant's Rule 1925(b) Statement, 7/15/24, ¶¶ 2(b)-(c).  These tasks shall be fulfilled within forty-five days of the filing date of this judgment order.

Following the receipt of the suppression court's findings of fact and conclusions of law, and its supplemental Rule 1925(a) opinion, Appellant shall

have fourteen days thereafter to file any supplemental brief. Assuming Appellant elects to file a supplemental brief, the Commonwealth shall have fourteen days from the filing of Appellant's supplemental brief to file a supplemental responsive brief.

The Prothonotary is further directed to send a copy of this Judgment Order to the Honorable Jonathan Q. Irvine of the Court of Common Pleas of Philadelphia County.

Case remanded with instructions. Panel jurisdiction retained.