394 A.2d 930

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth JACKSON, Appellant.**

Supreme Court of Pennsylvania.

Argued April 14, 1978.

Decided July 14, 1978.

Joel S. Moldovsky, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Paul S. Diamond, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM.

This matter was previously before this Court on direct appeal from judgments of sentence for murder of the first degree, aggravated robbery and burglary. *Commonwealth v. Jackson*, 464 Pa. 292, 346 A.2d 746 (1975). After disposition of several issues presented in that appeal[1] this Court remanded the matter for further proceedings below. Mr. Justice MANDERINO, speaking for the majority of this Court *explicitly* set forth the reasons for and the scope of the remand as follows:

1. We held therein that the concept of killing by misadventure was inapplicable where the killing occurred while the accused was engaged in a robbery; that a claim that certain evidence admitted during trial should have been precluded because obtained as a result of unlawful arrest, had been waived; and that the contention of an unreasonable delay between arrest and arraignment had also not been properly preserved for review.

"We decline to decide the issue of psychological coercion on this appeal. Rule 323(i) of the Pennsylvania Rules of Criminal Procedure states:

'(i) At the conclusion of the [suppression] hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's constitutional rights, and shall make an order granting or denying the relief sought.'

At the conclusion of appellant's suppression hearing, the suppression court failed to follow the requirement of Rule 323(i). The record before us contains no findings of fact or conclusions of law, only a statement of the suppression court's conclusion that there was no coercion. Likewise, the opinion of the court en banc denying post-verdict motions contains only a similar conclusion. This court does not in the first instance make findings of fact and conclusions of law. The duty of analyzing the subtle factors involved in deciding whether a confession was psychologically coerced is that of the trial court. We cannot say, after a reading of the suppression record before us, that as a matter of law there was clearly no psychological coercion. A compliance with Rule 323(i) would present this court with the detailed facts, accepted as truthful by the trial court, upon which its legal conclusions are based. We therefore insist on a full compliance with Rule 323(i).

This matter is therefore remanded for an evidentiary hearing at which the requirements of Rule 323(i) are met. If it is determined following such a hearing that the appellant's confession was a coerced confession, the judgment of sentence shall be vacated and a new trial granted. If, on the other hand, it is determined that the confession was not coerced, the judgment of sentence shall be affirmed. Following disposition by the trial court, either side shall be entitled to file a new appeal."
*Id.*, 464 Pa. at 297–298, 346 A.2d at 748–9.

The fact that the mandate required the court below to conduct upon remand an evidentiary hearing on the question of the alleged coerced confession was further emphasized by the dissent. *Id.*, 464 Pa. at 298, 346 A.2d at 749.[2]

Upon remand the suppression court proceeded to file specific findings of fact and conclusions of law in accordance with the requirements of Pennsylvania Rule of Criminal Procedure 323(i) based solely on the record of the suppression hearings of September 23 and November 2, 1970. This is not what our initial remand order contemplated and, hence, it will be necessary to remand the record again in order that our mandate be properly observed.

It has been alleged that appellant was "a backward youth of eighteen years with no prior criminal experience," who was held incommunicado by police for over eight and one-half hours before he made his first incriminating statement. It is also contended that he was questioned continuously during this period and that his mother was deliberately prevented from meeting with her son. These allegations were, of course, disputed by the Commonwealth. Thus, the determination of the coercion issue was largely dependent upon the resolution of the conflicting testimony. In this jurisdiction, we have long recognized the wisdom of giving deference to the credibility determinations of the court that viewed and heard the witnesses. *Commonwealth v. Sullivan*, 472 Pa. 129, 145, 371 A.2d 468 (1977); *Commonwealth v. McIntyre*, 451 Pa. 42, 47–48, 301 A.2d 832, 835 (1973).

**2.** Mr. Justice POMEROY, speaking for himself and former Chief Justice JONES, stated in dissent:

"I must respectfully dissent from the Court's order remanding the instant case for an evidentiary hearing in order to effectuate literal compliance with Rule 323(i) of our Rules of Criminal Procedure. The asserted non-compliance consists of the fact that the 'record before us contains no findings of fact or conclusions of law, only a statement of the suppression court's conclusion that there was no coercion.' Opinion, *ante* at 748. In my view, the duplicative proceeding which the court orders is unnecessary and useless, wasteful of judicial time and energy, and without prospect of benefit to the appellant." *Id.*, 464 Pa. at 298–299, 346 A.2d at 749. (footnote omitted).

Rule 323(i) implements this concept by requiring the suppression court to provide for subsequent review the findings of fact and the conclusions of law drawn from those facts. This specificity affords the reviewing court the opportunity of distinguishing between judgments predicated upon the resolution of credibility disputes and those which resulted from the court's view of the controlling law. When we were first confronted with this case, we recognized that a period of five years had elapsed between the time that the original suppression hearings were conducted and the time when the court would be called upon to set forth its findings of fact. We were cognizant that in that situation the impressions of the hearing court as to the truth and candor of the respective witnesses would have faded and that the hearing court would be in a position similar to an appellate court in attempting to make credibility judgments from a cold record. It is for that reason that we did not believe, as suggested by Mr. Justice POMEROY, that the requirement of a new hearing would be an unnecessarily duplicative proceeding.[3] We therefore direct that the cause be again remanded to the Court of Common Pleas of Philadelphia County and that there be strict compliance with our mandate.

It is so ordered.

MANDERINO, J., did not participate in the consideration or decision of this case.

ROBERTS, J., concurs in the result.

[3] The record reflects that at the time of remand, appellant's new counsel attempted to raise the issue of the ineffective assistance of former counsel (who represented appellant at the trial and on direct appeal) in failing to preserve the issues of unlawful arrest and unnecessary delay. While this request was beyond the scope of the remand, it certainly was not unreasonable since we have held that new counsel should raise the question of ineffective assistance at the earliest opportunity. *Commonwealth v. Seachrist*, 478 Pa. 621, 387 A.2d 661 (filed June 5, 1978); *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).