418 A.2d 712

**COMMONWEALTH of Pennsylvania**

v.

**Roy Eugene SPAULDING, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Feb. 22, 1980.

262

David P. Truax, Meadville, for appellant.

Stephen Toole, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and LIPEZ, JJ.

PER CURIAM:

Appellant was convicted by a jury of five counts of burglary, five counts of conspiracy to commit burglary, and two counts of theft by receiving stolen property. Post-verdict motions were denied, and sentence imposed. Appellant's only contention is that items seized in his home by the police should have been suppressed for two reasons: (1) the wife's consent to the search of the home was given to the police out of antagonism to her husband; and (2) admission of the seized items at trial amounted to allowing the wife to

testify against her husband. The suppression court, though entering an order refusing to suppress, did not make any findings of fact or conclusions of law, as required by Pennsylvania Rule of Criminal Procedure 323(i). We therefore vacate the judgment of sentence and remand this case to the trial court for a new suppression hearing, after which the hearing judge shall enter findings and conclusions as required by Rule 323(i). *Commonwealth v. Jackson*, 483 Pa. 101, 394 A.2d 930 (1978). If it is determined that the evidence should have been suppressed, a new trial shall be granted. If it is determined that the evidence should not have been suppressed, the judgment of sentence shall be reinstated. Either party aggrieved by the hearing court's determination may appeal its order. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

Judgment of sentence vacated, and case remanded for proceedings consistent with this opinion.