434 A.2d 834

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jeff GUINTHER.**

Superior Court of Pennsylvania.

Argued June 12, 1980.

Filed Sept. 4, 1981.

Jerry A. Snyder, Assistant District Attorney, Allentown, for Commonwealth, appellant.

Howard N. Stark, Allentown, for appellee.

Before WICKERSHAM, WATKINS and LIPEZ, JJ.

LIPEZ, Judge:

 This is a Commonwealth appeal from a pretrial suppression order,[1] in a prosecution on two counts of possession of a controlled substance and two counts of possession with intent to deliver a controlled substance. Being unable to resolve the issues on this record, we vacate the suppression order, and remand for further proceedings.[2]

The Commonwealth's evidence at the suppression hearing consisted of testimony by two police officers, Pesola and Williams. Officer Pesola testified that he had seen a juvenile about five feet within the edge of the grounds of an unenclosed municipal park in Bethlehem at 9:30 p. m. on July 22, 1979. The park had a posted closing time of 9:00 p. m., and a Bethlehem ordinance provided penalties for being in a municipal park after closing time.

1. The Commonwealth has certified that the question presented is purely one of law, and that the lower court's suppression order will terminate the prosecution.

2. It is questionable whether this appeal has been taken to the proper court, in light of section 762(a)(4)(i)(B) of the Judicial Code, which provides in pertinent part:

(a) General rule.—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in any of the following cases:

(4) Local government civil and criminal matters.—

(i) All actions or proceedings ... where is drawn in question the application, interpretation or enforcement of any:

. . . . .

(B) home rule charter or local ordinance or resolution.

42 Pa.C.S. § 762. As discussed *infra*, the proceeding below clearly called into question the application, interpretation and enforcement of a municipal ordinance, so that if the Judicial Code is to be read literally, Commonwealth Court would have jurisdiction of this appeal. We need not decide this question, because even if Commonwealth Court were the court to which this appeal should have been brought originally, our jurisdiction would now be perfected by appellee's failure to object, and we would have discretion to dispose of the case or transfer it to Commonwealth Court. 42 Pa.C.S. § 704; Pa.R.A.P. 741; *Jost v. Phoenixville Area School District*, 267 Pa.Super. 461, 465–66 n.1, 406 A.2d 1133, 1135 n.1 (1979). We would exercise that discretion to dispose of the case here, since there is no point in transferring the case to Commonwealth Court, when the present state of the record prevents resolution of the issues.

Officer Pesola saw the juvenile walk out of the park and get into defendant's car. Defendant started to drive away. Officer Pesola shone a spotlight on the car. Defendant stopped, and got out of the car. Officer Pesola walked past him and approached the car, where he saw some green vegetable matter on the passenger side floor in a plastic bag. The juvenile passenger was trying to stuff the bag under the seat. Officer Pesola examined the bag's contents, determined it was marijuana, and arrested the juvenile passenger.

Officer Williams, who had accompanied Officer Pesola in a separate car, approached defendant, and asked if defendant had any more marijuana in the trunk of his car. Defendant said he did not, and Officer Williams asked if defendant would mind opening the trunk so he could check. Defendant opened the trunk and picked up a bag, which he tossed toward the forward portion of the trunk. Officer Williams retrieved the bag and found marijuana inside. Defendant was arrested. Officer Pesola inspected an eyeglass case, which was also removed from the car trunk, and discovered 25 tranxene tablets.

Defendant moved to suppress the marijuana and tranxene, as well as the statements he had made immediately following his arrest. The Commonwealth contended in the court below, as it does here, that: (1) Officer Pesola had a right to stop defendant's car in order to issue a citation to defendant's juvenile passenger, who had violated the Bethlehem ordinance by being in the park after closing; and (2) defendant consented to the search of his trunk.

At the conclusion of the suppression hearing, the court below did not make findings of fact and conclusions of law, as required by Pennsylvania Rule of Criminal Procedure 323(i). The reasons for the suppression order are stated only in the opinion filed by the court below after this appeal was taken from the order. In its opinion, the court concluded that Officer Pesola had no right to stop defendant's car, because the juvenile passenger had not violated the ordinance. The court did not decide the issue of whether

defendant had consented to the search of his trunk, since the search was only made possible by stopping the car. Hence the court considered what was found in the trunk as the fruit of the illegal stop, and should be suppressed regardless of whether defendant consented after being stopped.

The ordinance at issue and its enforcement and penalty provisions read as follows:

941.08 OPERATING POLICY

(a) *Hours.* Except for unusual and unforeseen emergencies, parks shall be open to the public every day of the year from 6:00 a. m. to 9:00 p. m. The Director of Parks and Public Property is authorized to extend the hours for special events upon request of any group or organization; provided such request is made at least forty-eight hours prior to the date of the special event. No individual shall enter any park area before the opening hours or remain in any park after closing hours, unless such individual has written permission of the Director of Parks and Public Property. (Ord. 2573 § 3. Passed 9–6–77.)

941.09 ENFORCEMENT

(a) *Officials.* The Director of the Department of Parks and Public Property and park attendants shall, in connection with their duties imposed by law, diligently enforce the provisions of this article.

(b) *Ejectment.* The Director and any park attendant shall have the authority to eject from the park any person acting in violation of this article.

(c) *Seizure of property.* The Director and any park attendant shall have the authority to seize and confiscate any property, thing or device in a park which violates or is used in violation of this article. (Ord. 2211 § 10. Passed 9–22–70.)

941.99 PENALTY

Whoever violates any of the provisions in this article shall be fined not more than three hundred dollars ($300.00) or imprisoned not more than ninety days, or both. (Ord. 2211 § 11. Passed 9–22–70.)

In determining that defendant's juvenile passenger had not violated the park ordinance, the court below analogized the ordinance to the defiant trespass action of the Crimes Code, 18 Pa.C.S. § 3503(b)(1), which provides:

(b) *Defiant trespasser.*—

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

(i) actual communication to the actor;

(ii) posting in a manner prescribed by law or reasonably likely to come to the attention of intruders; or

(iii) fencing or other enclosure manifestly designed to exclude intruders.

The lower court's opinion states that in *Commonwealth v. Conyers*, 238 Pa.Super. 386, 357 A.2d 569 (1976), this court held that a violation of section 3503(b)(1) occurs only if one remains on the property after a warning to leave has been given. The court was apparently referring to this statement in the *Conyers* opinion: "The crime of defiant trespass occurs when a person remains in a place where he is not privileged to remain after notice of trespass is given." *Id.*, 238 Pa.Super. at 389, 357 A.2d at 579 (footnote omitted). *Conyers* did not say, however, that these are the only circumstances under which defiant trespass can be committed. The statute itself which is quoted in the footnote accompanying the foregoing quote from *Conyers*, uses the language "*enters or* remains." (Emphasis supplied). Moreover it is clear from that footnote that the court in *Conyers* was relying solely on section 3503(b)(1)(i) as the method of giving notice against trespass which fit the facts of that case. *Cf. Commonwealth v. Tate*, 495 Pa. 158, 432 A.2d 1382, 1385 (1981). Neither *Conyers* nor *Tate* implies that subsections (b)(1)(ii) or (iii) cannot be applied to satisfy the notice requirement, since the statute makes them alternatives by using the word "or" to separate them.

■ Even assuming that the court below was correct in interpreting the Bethlehem ordinance by analogizing it to

the defiant trespass statute, it is plain that *Commonwealth v. Conyers, supra,* does not provide a proper basis for the lower court's interpretation of the ordinance.[3] Since the stated basis for the decision below was incorrect and the court did not make findings under Rule 323(i), we are left with nothing to review in order to determine the correctness of the court's decision. In reviewing a suppression court's determination, we are merely to decide whether the evidence supports the findings and the legitimacy of the conclusions drawn from those findings. *E. g., Commonwealth v. Watson,* 487 Pa. 169, 172, 409 A.2d 19, 20 (1979).

Here the lower court made no findings. We are also unaided by the discussion in the lower court's opinion, because the basis for the determination of the first issue was incorrect, and there has been no determination at all on the second issue.[4] Therefore we must remand for a new suppression hearing, after which the court below shall make the specific findings required by Rule 323(i), and enter a new order on the motion to suppress. *See Commonwealth v. Spaulding,* 275 Pa.Super. 261, 262, 418 A.2d 712, 713 (1980).[5]

**3.** We do not imply that the lower court's conclusion that the juvenile did not violate the ordinance was necessarily incorrect, but only that the court's stated basis does not support the conclusion. There was some testimony, for example, that the park was posted with the closing time, although defendant contests the adequacy of the posting. The dispute over the adequacy of the posting to afford notice is only one of a number of discrepancies which must be resolved at the lower court level, before we can adequately review the determination below.

**4.** We have also been unable to resolve the issues by determining that one side must win, even if the other is given the benefit of every favorable finding an inference which could have been made. *See Commonwealth v. Hunt,* 280 Pa.Super. 205, 208 n.2, 421 A.2d 684, 685 n.2 (1980). Neither is this a case which can be decided on a question of law, without the need for factual determinations by the lower court. *See Lucas Enterprises, Inc. v. Paul C. Harman Company, Inc.,* 273 Pa.Super. 422, 424, 417 A.2d 720, 721 (1980).

**5.** Since there has not yet been a trial in this case, it is in a different procedural posture from *Spaulding,* and therefore the trial court's new order will only be appealable by the losing party, if it meets the usual requirements for an appeal of a pre-trial order.

Order vacated, and case remanded for further proceedings consistent with this opinion. Jurisdiction of this court is not retained.