70

486 A.2d 484

COMMONWEALTH of Pennsylvania

v.

James DESANTIS, Appellant.

COMMONWEALTH of Pennsylvania

v.

Patrick CONNER, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 4, 1984.

Filed Dec. 31, 1984.

Philip B. Freidman, Erie, for appellant (at No. 201).

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant (at No. 329).

Paul J. Susko, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before BROSKY, TAMILIA and ROBERTS, JJ.

ROBERTS, Judge:

Appellants DeSantis and Conner were jointly tried by a jury and convicted of receiving stolen property. Their individual Motions for a New Trial and/or In Arrest of Judgment were denied and sentences were imposed. Although separate appeals were taken, we dispose of them in a single opinion, granting relief on a common ground. Appellants raise several issues, but on the record before us we need reach only the claim that the suppression court did not meet the requirements of Pa.R.Crim.P. 323(i).* A review of the record satisfies us that the suppression court did not comply with the Rule, in that the court failed to enter on the record factual findings and conclusions of law.

Accordingly, we vacate judgment of sentence as to each appellant and remand for a new suppression hearing, after which the suppression court shall make the specific findings required by Rule 323(i) and enter an appropriate order.

---

* On the present appeal, appellant DeSantis also contends that (1) he was denied a full and fair suppression hearing because he was not permitted to offer testimony before the court ruled on the motion to suppress, (2) the court erred in denying his motion to suppress based on the record before it, (3) the court erred in refusing his motion in limine requesting that the Commonwealth not be permitted to use his prior record for rebuttal purposes, and (4) the court erred in reprimanding co-defendant's counsel in the presence of the jury, to his prejudice.

Appellant Conner also contends that (1) the suppression court erred in denying his motion to suppress because (a) the prosecutor engaged in prosecutorial misconduct by withholding favorable evidence from appellant, and (b) the evidence should have been suppressed upon the current record, and (2) the court improperly reprimanded counsel in the presence of the jury and thereby created a situation which deprived him of effective assistance of counsel.

*Commonwealth v. Guinther,* 290 Pa.Super. 441, 447, 434 A.2d 834, 837 (1981); *Commonwealth v. Jackson,* 464 Pa. 292, 298, 346 A.2d 746, 748 (1975). If upon remand, the court enters an order granting the motion to suppress, such appellant shall be awarded a new trial. If, however, the suppression motion is denied, judgment of sentence shall be reinstated. Following the suppression court's decision, the parties may appeal the order if they so desire. On that appeal they may also raise any issues presented and undecided in this appeal. See *Commonwealth v. Jackson,* supra; *Commonwealth v. Twiggs,* 460 Pa. 105, 111, 331 A.2d 440, 443 (1975).

Judgment of sentence vacated as to appellant DeSantis, and case remanded for proceedings consistent with this opinion. Judgment of sentence vacated as to appellant Conner, and case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.