J-A04015-19

2019 PA Super 71

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AKBAR SHARAIF | : | No. 4019 EDA 2017 |

Appeal from the Order November 30, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012652-2013

BEFORE: LAZARUS, J., KUNSELMAN, J., and COLINS, J.*

OPINION BY LAZARUS, J.:                             **FILED MARCH 08, 2019**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Philadelphia County, suppressing drug evidence seized during a pat-down of Defendant, Akbar Sharaif, following a traffic stop.[1] The Commonwealth argues the suppression court improperly suppressed the evidence where Sharaif's arresting officer conducted a protective frisk and, upon feeling narcotics in Sharaif's pants, immediately identified the drugs and properly seized them. After careful review, we reverse and remand for a new suppression hearing.

On August 17, 2013, Officer Fred MacConnell, a twelve-year veteran of the Philadelphia Police Department, was working routine patrol in a marked police vehicle. N.T. Suppression Hearing, 11/30/17, at 13-14, 18. Around 12:10 a.m., MacConnell saw a Toyota, traveling south on Rising Sun Avenue,

_____

[1] The validity of the traffic stop is not at issue.

*Retired Senior Judge assigned to the Superior Court.

make a right-hand turn without using its turn signal. *Id.* at 14-15. MacConnell activated his lights and sirens to notify the driver to pull over. *Id.* at 14. Sharaif pulled the vehicle over. *Id.* MacConnell noticed Sharaif "appeared to be stuffing something in the front of his pants." *Id.* MacConnell walked toward the vehicle and ordered Sharaif to show his hands. *Id.* As MacConnell approached, Sharaif continued to have one hand in the front of his pants. *Id.* MacConnell again ordered Sharaif to show his hands. *Id.* MacConnell then ordered Sharaif to exit the vehicle and he performed a pat-down of Sharaif for officer safety, noting that the waist is a common place to conceal a weapon. *Id.* at 16. When MacConnell removed Sharaif from the vehicle, his concern was "100 percent" officer safety. *Id.* During the pat-down, MacConnell felt a bulge in the front-waist area of Sharaif's pants. *Id.* at 14. MacConnell stated that he felt "numerous small, rock-like objects consistent with narcotics packaging from [his] experience." *Id.* Later, MacConnell testified that he "didn't know 100 percent they were [drugs], but [he] believed them to be from [his] experience." *Id.* at 19. MacConnell then stated that he did not know for sure that they were drugs until he removed the objects. *Id.*

On February 24, 2015, Sharaif filed a pre-trial motion to suppress the drug evidence, arguing the "seizures were the result of illegal searches [of defendant's person] carried on without legally efficacious warrants and without probable cause." Defendant's Omnibus Pretrial Motion, 2/24/15, at 5, 6. On November 30, 2017, the Honorable Roger F. Gordon held a

suppression hearing where the parties argued whether the drugs were seized illegally due to an improper ***Terry***[2] pat-down. The suppression court ultimately entered an order to suppress the drugs; however, the trial judge did not make appropriate findings of fact or conclusions of law, as required by Pa.R.Crim.P. 581(I).[3]

The Commonwealth filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal raising

---

[2] ***Terry v. Ohio***, 392 U.S. 1 (1968). In ***Terry***, the United States Supreme Court established that a police officer may conduct a brief investigatory stop of an individual if the officer observes unusual conduct which leads him to reasonably conclude that criminal activity may be afoot. Moreover, the Court held that if an officer has a reasonable belief, "based on specific and articulable" facts, that the detained individual may be armed and dangerous, the officer may then conduct what has become known as a "***Terry*** frisk or pat-down" of the individual's outer garments for weapons. ***Id.*** at 24.

[3] At the conclusion of the hearing, the suppression judge stated:

> I do find the officer credibility [sic]. My problem is the Superior Court is hammering me about it. The example I gave is the officers get a call for a shooting, and people are all over the place. They're trying to ask questions, and they're grabbing people and frisking them first before they ask, okay, what did you see. The people you frisk might be someone with a weapon. I like for the officer to be safe enough to ask questions to make sure the guy they're talking to doesn't have a firearm on him. But if that happens, don't tell me you found his nickel bag. I want him to be able to be safe. But as soon as we find it's not a weapon, I can't allow him to bring these drugs into court, that that's what he found when he was trying to be safe. I find him credible as to what he told me, but I will grant the motion to suppress.

N.T. Suppression Hearing, 11/30/17, at 33.

the singular issue regarding the lawfulness of the seizure of the drugs from Sharaif.

The appellate standard of review of suppression rulings is well-settled; in reviewing the ruling of a suppression court, our task is to determine whether the factual findings are supported by the record. ***See In re L.J.***, 79 A.3d 1073, 1080 (Pa. 2013). We are bound by the factual findings of the suppression court that find support in the record. ***Commonwealth v. Millner***, 888 A.3d 680, 685 (Pa. 2005). However, we are not bound by the court's conclusions of law. "When the suppression court's specific factual findings are unannounced, or there is a gap in the findings, the appellate court should consider only the evidence of the prevailing suppression party [(here, the defendant)] and the evidence of the other party [(here, the Commonwealth)] that, when read in the context of the entire record, remains uncontradicted. ***Id.***

> Pursuant to Pa.R.Crim.P. 581(I):
>
> At the conclusion of [a suppression] hearing, the judge **shall** enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought.

Pa. R.Crim.P. 582(I) (emphasis added). Moreover, it is well-established that an appellate court does not make findings of fact or conclusions of law. ***Commonwealth v. Grundza***, 819 A.2d 66, 68 (Pa. Super. 2003).

As is evident from Rule 582(I)'s use of the word "shall," it is mandatory for a trial judge to state his or her findings of fact and conclusions of law, on

- 4 -

the record, when ruling on a suppression motion. Our Supreme Court has strongly disapproved of the failure of trial courts to abide by the "unambiguous mandate" of Rule 581(I). **Millner**, 888 A.2d at 689 (disapproving of non-compliance with Rule 581(I)'s "unambiguous mandate" and explaining purpose of Rule 581(I) and "recognize[ing] that, unfortunately, it is not uncommon for suppression judges to fail to comply with this directive"); **Grundza**, 819 A.2d at 68 n.1 (stating that "the filing of a [Pa.R.A.P.] 1925(a) opinion is no substitute for the failure to make findings of fact and conclusions of law on the record at the conclusion of a suppression hearing in accordance with Rule 581(I).").

In addition to his lack of compliance with Rule 581(I), Judge Gordon did not prepare a Rule 1925(a) opinion explaining his reasons for suppressing the evidence.[4] This fact further impedes our ability to conduct appellate review.

_____

[4] On June 6, 2018, the Honorable Giovanni O. Campbell noted that "Judge Gordon is no longer a judge of this Court [and, thus,] the matter ha[d] been reassigned to [him]." Letter by Judge Giovanni O. Campbell, 6/6/18. Judge Campbell also stated that "the reasons for Judge Gordon's order appear in the record as follows: Notes of Testimony, 11/30/17, pp. 32-33." **Id.** Judge Campbell appended the relevant pages from the suppression hearing to his letter. However, in that excerpted portion of the suppression hearing, Judge Gordon uses an example of officers randomly frisking individuals near a shooting as a reason to suppress evidence gathered from a pat-down during a traffic stop. **See** N.T. Suppression Hearing, 11/30/17, at 33; **see also supra** n.3. Not only is his example factually inapposite, his legal conclusions are similarly misguided. **See infra** n.6. Because the trial court's statements are irrelevant to the facts of this case, it is the functional equivalent of having no trial court findings and conclusions on the suppression issue.

Simply put, we are unable to determine what facts and legal bases Judge Gordon used to determine that suppression was warranted.

In **Commonwealth v. Jackson**, 394 A.2d 930 (Pa. Super. 1978), the trial judge also failed to comply with the mandate of Rule 581(I). As a result, our Court concluded that the case required remand for a new suppression hearing based on the amount of time (5 years) that had elapsed between the suppression hearing and when the trial court would be required to set forth findings of fact on remand. **Id.** at 931. Significantly, the Court recognized that the passage of time would make it too difficult for the trial judge to make credibility determinations from a "cold record." Here, it would be impossible for the suppression judge to make findings because Judge Gordon is no longer on the Common Pleas bench. **See Jackson**, 394 A.2d at 932. We simply cannot say, after reading the suppression record before us, that as a matter of law the drugs should have been suppressed, especially in light of the fact that the court found Officer MacConnell credible. N.T. Suppression Hearing, 11/30/17, at 33.

Because of the failure to comply with Rule 581(I) and the fact that Judge Gordon is no longer on the Common Pleas bench, we are compelled to remand this case to the trial court so that a new suppression hearing may be held. **Commonwealth v. Spaulding**, 418 A.2d 712 (Pa. Super. 1980). After the hearing is held, the suppression judge shall enter findings of fact and

conclusions of law as required by Rule 581(I) and prepare a Rule 1925(a) opinion if the determination is ultimately appealed.[5]

Order reversed. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.[6]

---

[5] If it is determined that the evidence should not have been suppressed, then the case shall proceed to trial. However, if the court determines that the evidence should have been suppressed, then the court shall enter a new order granting suppression. Either party aggrieved by the suppression court's determination may appeal the judgment of sentence or final order. **Spaulding**, **supra**.

[6] We find it necessary to elaborate on the appropriate legal standard due to Judge Gordon's off-base comments at the suppression hearing. An officer is permitted to stop a vehicle if he or she witnesses the driver commit a traffic violation. **Commonweal v. Rosa**, 734 A.2d 189 (Pa. 2000). Under Pennsylvania case law, during a traffic stop, a police officer may conduct "a limited search of an individual's outer clothing in an attempt to discover the presence of weapons which may be used to endanger the safety of police or others." **Commonwealth v. Guillespie**, 745 A.2d 654, 657 (Pa. Super. 2000) (citing **Terry**, 392 U.S. at 20). Moreover, if during a pat-down for weapons the incriminating nature of contraband is immediately apparent to the officer and the officer has a lawful right of access to the object, the officer may legally seize the non-threatening contraband detected by the officer's "plain feel." **Commonwealth v. Bryant**, 866 A.2d 1143, 1147 (Pa. Super. 2005). The term "immediately apparent" means the officer conducting the **Terry** frisk "readily perceives, without further search, that what he is feeling is contraband." **Commonwealth v. Fink**, 700 A.2d 447, 450 (Pa. Super. 1997). Thus, the officer does not need to be "100 percent" certain an object is contraband; rather, he would only reasonably need to believe the object is contraband given the facts available. **Commonwealth v. Kendrick**, 490 A.2d 923 (Pa. Super. 1985). Once an officer is convinced that there is no weapon, the pat-down must end; the officer may not continue to manipulate the items in an attempt to identify contraband. **Commonwealth v. Graham**, 721 A.2d 1075, 1082 (Pa. 1998). Therefore, the question for the trial court on remand is whether the contraband was immediately apparent when Officer MacConnell patted down Sharaif.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/19