J-S36012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MALIK STAFFORD EVANS | : | |
| | : | |
| Appellant | : | No. 1779 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 25, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0006833-2017

BEFORE:   PANELLA, P.J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED NOVEMBER 15, 2019**

Appellant, Malik Stafford Evans, challenges the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his conviction for possession of drug paraphernalia. He contests the denial of his motion to suppress evidence gathered from a home search by his probation officer. Additionally, counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and a motion to withdraw. We affirm, and therefore grant counsel's petition to withdraw.

On October 17, 2017, Appellant's parole officer, Allen Shipley, arrived at Appellant's home for an unscheduled parole compliance check. Appellant lived at 2531 Derry Street in Harrisburg with his girlfriend, Kelley Bair.

_____

[*] Retired Senior Judge assigned to the Superior Court.

After the officer knocked on the door for several minutes, Appellant opened it and permitted Shipley to enter. Shipley smelled burnt marijuana and signaled to his partner, Harrisburg City Police Officer Anthony Fiore, to accompany him inside.

Once indoors, Shipley and Fiore received permission from Appellant and Bair to conduct a search for items related to the suspected parole violation. Fiore found a pill bottle on the bed in the room Bair stated she shared with Appellant. The pill bottle contained a quantity of crack cocaine and several wax paper packages of heroin.

Fiore then advised Appellant and Bair of their **Miranda**[1] rights. Appellant and Bair again gave permission for a home search, at which time Fiore located scales, a vacuum sealer, and small plastic bags consistent with drug packaging. Appellant and Bair were arrested. Appellant was charged with possession of a controlled substance with intent to deliver, possession of drug paraphernalia, and endangering the welfare of a child ("EWOC").[2]

Appellant filed a pretrial motion to suppress, claiming that 2531 Derry Street was not his approved parole address. According to Appellant, the improper approval of the home as his address rendered the search illegal. The court rejected this argument, and Appellant proceeded to a jury trial.

_____

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[2] 35 P.S. §§ 780-113(a)(30); (a)(32); and 18 Pa.C.S.A. § 4304(a)(1), respectively.

At the close of the Commonwealth's evidence, Appellant moved for a judgment of acquittal on the EWOC charge, which the court granted. The jury acquitted Appellant of possession with intent to distribute, but convicted him of possession of drug paraphernalia. The court sentenced Appellant to six to twelve months' incarceration. He filed a timely notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); in lieu of such a statement, counsel filed notice of his intent to file an **Anders** brief. Appellant has not filed a reply. This appeal is now properly before us.

Before addressing the merits of Appellant's claim, we are first tasked with determining whether counsel has complied with the procedures set forth in **Anders**. **See Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015).

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

**Commonwealth v. Tukhi**, 149 A.3d 881, 885-886 (Pa. Super. 2016) (citation omitted).

The **Anders** brief is subject to particular requirements. Our Supreme Court dictates that the brief must: provide a summary of the procedural history and facts of the case, complete with citations to the record; refer to any information in the record that counsel believes could arguably support the appeal; present counsel's conclusion that the appeal is frivolous; and state counsel's reasons for so concluding. **See Santiago**, 978 A.2d at 354. "Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Commonwealth v. Hankerson**, 118 A.3d 415, 420 (Pa. Super. 2015) (citation omitted).

If this Court determines that counsel's petition and brief satisfy the requirements of **Anders**, we will undertake an independent review of the appeal to ascertain whether it is wholly frivolous. **See Tukhi**, 149 A.3d at 886. If it is found to be frivolous, we will grant counsel's petition to withdraw, and affirm the judgment of sentence. **See id**.

Here, Appellant's counsel has satisfied the procedural requirements imposed. Counsel's brief complies with **Anders**/**Santiago** obligations set forth. Counsel's petition states he conducted a conscientious examination of the record, he was unable to discover any meritorious issues to raise on appeal, and he has concluded the appeal is wholly frivolous.

Counsel also attached to his petition a copy of the letter he sent to Appellant, which advises that Appellant may proceed *pro se* or retain private counsel to raise any additional issues he believes ought to be brought to this

- 4 -

Court's attention. The letter states that counsel enclosed a copy of the petition to withdraw and the ***Anders*** brief, and includes a proof of service. As we deem counsel compliant, we turn to the merits of Appellant's appeal.

In the only issue presented by Appellant's brief for our review, he argues the suppression court should have prohibited the Commonwealth from introducing the evidence seized from 2531 Derry Street. According to Appellant, his girlfriend Kelley Bair lived at 2531 Derry Street under a federally funded housing grant. Appellant points to Agent Shipley's testimony that, if he had been aware Bair received housing vouchers, he would not have permitted Appellant to live there. ***See*** N.T. Suppression Hearing, 8/8/18, at 18. In Appellant's view, this statement confirmed Bair's home was an unapproved residence, and that the home should not have been searched as it was not approved housing for purposes of Appellant's parole. He concludes the court should have suppressed the evidence taken from the home. We disagree.

"The appellate standard of review of suppression rulings is well-settled; in reviewing the ruling of a suppression court, our task is to determine whether the factual findings are supported by the record." ***Commonwealth v. Sharaif***, 205 A.3d 1286, 1288 (Pa. Super. 2019) (citation omitted). We are not bound by the suppression court's legal conclusions. ***See id***. Where an appellant challenges the denial of his suppression motion, we consider "only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole."

*Commonwealth v. Dixon*, 997 A.2d 368, 372 (Pa. Super. 2010) (*en banc*) (citation omitted). Our scope of review is limited to the suppression hearing record. *See Commonwealth v. Yandamuri*, 159 A.3d 503, 516 (Pa. 2017).

In the context of home searches performed by parole agents, parolees have more limited Fourth Amendment protections than do ordinary citizens. *See Commonwealth v. Smith*, 85 A.3d 530, 535 (Pa. Super. 2014). "Because the very assumption of the institution of parole is that the parolee is more likely than the ordinary citizen to violate the law, the parole agents need not have probable cause to search a parolee or his property[.]" *Commonwealth v. Murray*, 174 A.3d 1147, 1155 (Pa. Super. 2017) (citation omitted). Instead, parole agents may conduct a search of a parolee's residence where "there is reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision." 61 Pa.C.S.A. § 6153(d)(2). An agent's reasonable suspicion may be based on a variety of information, including his own observations, activities of the offender, and the experience of agents with the offender. 61 Pa.C.S.A. § 6153(d)(6).

Parole officers may develop reasonable suspicion that a parolee is living at a location other than an approved residence based on personal observations and third-party information. *See Commonwealth v. Gould*, 187 A.3d 927, 936 (Pa. Super. 2018). Finally, in order for parole officers to conduct a search of a parolee's home, "it must be apparent to the parole officers that the

residence being searched is in fact the residence of the parolee and not of another person." ***Commonwealth v. Edwards***, 874 A.2d 1192, 1197 (Pa. Super. 2005) (footnote omitted).

At the suppression hearing, Shipley testified that Appellant formerly lived at 8 South 18th Street in Harrisburg with another woman. ***See*** N.T. Suppression Hearing, 8/8/18, at 9. After Appellant told Shipley the woman had scratched him in the face, and Shipley heard from the landlord that rent had not been paid, Shipley told Appellant to find new housing. ***See id***.

Appellant supplied the 2531 Derry Street address, and told Shipley he would be living there with his girlfriend, Bair. ***See id***., at 6-7. Shipley approved of the address, and met with Bair and Appellant at the home. ***See id***., at 36. On June 27, 2017, Bair signed a home provider agreement, which stated the parole agent has the right to search the residence at any time if reasonable suspicion exists that Appellant has violated the conditions of parole. ***See id***., at 7, 36. Shipley conducted several home visits thereafter at the Derry Street location. ***See id***., at 35-37.

On cross, the defense presented a document showing that Appellant's address for the purposes of urinalysis testing was still 8 South 18th Street as of July 6, 2017, nine days after Bair signed the provider agreement. ***See id***., at 41-42. The defense did not present any additional evidence regarding Appellant's official parole address, including any testimony about whether Bair actually received federal housing vouchers.

Here, Shipley expressly permitted Appellant to live at 2531 Derry Street, and had Bair sign a home provider agreement to that effect. While Shipley may not have allowed Appellant to live in the home if he had known Bair was receiving federal housing vouchers, Shipley was unaware Bair received such vouchers when he approved the location. Further, Appellant did not present any evidence to prove Bair actually did receive housing vouchers, or that the home was otherwise inappropriate for occupancy by a parolee.

Shipley's uncontradicted testimony stated that he was responsible for approving any changes in Appellant's housing, and that he permitted Appellant to live at 2531 Derry Street. Appellant's single document to the contrary was dated a mere nine days after Shipley visited the address and collected Bair's signature on the home provider agreement. Appellant has not indicated the existence of additional procedures required for approval of a new parole address.

And, most importantly, Appellant does not deny that he in fact lived at 2531 Derry Street. Indeed, as the suppression court indicated, Shipley's approval of the living situation worked in Appellant's favor, as he would have been in violation of parole by living there without approval. Moreover, Appellant does not contest the validity of the search procedures, or his own consent to Shipley's search. As we are unable to find any valid grounds for suppression, we agree with counsel that this issue lacks merit.

Our independent examination of the record does not reveal any additional non-frivolous issues that counsel could have asserted on Appellant's

behalf. Accordingly, we affirm Appellant's judgment of sentence, and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2019