J-A29036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRANDON JAMES WIBLE | : | |
| | : | |
| Appellant | : | No. 754 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 1, 2021,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0005385-2020.

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: FEBRUARY 16, 2023**

Brandon James Wible appeals from the judgment of sentence imposed following his convictions of persons not to possess firearms and other offenses.  We reverse the denial of his motion to suppress, vacate his judgment of sentence, and remand.

After an incident on July 16, 2020, Monroeville Detective Steven Maritz[1] filed a criminal complaint charging Wible with persons not to possess firearms, receiving stolen property, carrying a firearm without a license, possession of heroin with intent to deliver, possession of heroin and Gabapentin, and possession of drug paraphernalia.[2]  All counts were held for court.

---

[1] The detective's name was spelled Maritz in the criminal complaint and Moritz at the suppression hearing.  We use the former spelling throughout.

[2] 18 Pa.C.S.A. §§ 6105(a)(1), 3925(a), and 6106(a)(1), and 35 P.S. § 780-113(a)(30), (a)(16), and (a)(32), respectively.

On December 30, 2020, Wible filed a motion to suppress. The suppression court heard the matter on January 7, 2021. Detective Maritz was the only witness at the suppression hearing.

In its opinion on appeal,[3] the suppression court set out the facts adduced at the suppression hearing:

> Detective Steven Maritz of the Monroeville Police Department testified that while on patrol on July 16, 2020 he observed a vehicle in the parking lot of the Sheetz Gas Station. The vehicle stayed in the parking lot for nearly 30 minutes. The officer observed the defendant exit the vehicle, enter the gas station and return to the vehicle as a passenger. He appeared to be stumbling as he walked, as though under the influence of a controlled substance or alcohol. The vehicle left the Sheetz lot and proceeded onto Rt. 22 towards Westmoreland County and the officer followed.
>
> The front and right rear tires were in the right turn lane at the intersection of Elliott Road and Rt. 22, while the rest of the vehicle was in the left turn lane.
>
> The vehicle was in both the right and left turn lane. The vehicle turned left onto Rt. 22 and crossed the solid white fog line three times. [Detective Maritz] initiated lights and sirens for the foregoing traffic violations he observed[, and the driver pulled over]. [Detective Maritz] opined that the traffic violations [were] consistent with somebody driving under the influence. The court found probable cause to stop [the] vehicle for [Vehicle Code] violations.

---

[3] By rule, a suppression court must enter findings of fact and conclusions of law on the record at the conclusion of a suppression hearing. Pa.R.Crim.P. 581(I); *see Commonwealth v. Sharaif*, 205 A.3d 1286, 1289 (Pa. Super. 2019) (citing *Commonwealth v. Millner*, 888 A.2d 680, 689 (Pa. 2005)). Although "a 1925(a) opinion is no substitute for the failure to make findings of fact and conclusions of law on the record at the conclusion of a suppression hearing," review is possible based on facts in a Pa.R.A.P. 1925(a) opinion. *Commonwealth v. Grundza*, 819 A.2d 66, 68 n.1 (Pa. Super. 2003) (citing *Commonwealth v. Reppert*, 814 A.2d 1196, 1200 (Pa. Super. 2002)).

[Officers Cuccaro and Hoffner arrived for back-up.] The [passenger,] who didn't have any ID, was identified as [Wible].

[Wible] gave his name and date of birth to [Officer Cuccaro]. This information was provided to police dispatch, resulting in information that there were two arrest warrants outstanding for Defendant Brandon Wible from Allegheny County at the time.

[Based on the arrest warrants, Wible] was taken into custody. The validity of the warrants has not been challenged and based on the foregoing the arrest of Mr. Wible was lawful.

What appeared to be fresh injection marks were observed on [Wible's] left hand. The marks were bleeding and not scabbed over.

The officer had made several hundred narcotics arrests and had seen similar marks made by intravenous drug users, where heroin is used on top of the hand.

When removing [Wible] from the car, two needles were observed in the map pocket of the passenger door. A black satchel-type bag was on the floor of the passenger side of the car at [Wible's] feet. A search of the bag revealed a SCCY 9 MM CP-2 firearm and six bricks of suspected heroin or fentanyl.

Suppression Court Opinion, 3/17/22, at 3–5 (record citations omitted).

On February 17, 2021, the suppression court announced its ruling denying suppression. Initially, the court concluded that the Commonwealth had not proven that there were exigent circumstances to justify the warrantless search of the satchel where Wible's feet had been. However, the suppression court determined that it was a valid search incident to arrest. The court explained:

[Defense counsel], in regard to Mr. Wible, your client, again, with regard to my decision to deny your suppression motion, you have never challenged the legality of the arrest. There were warrants outstanding for him. Once he was arrested, then the search of that bag within the immediate area was a lawful search incident to an arrest. It really had nothing to do with the car or the --

- 3 -

actually there was a basis to stop the car for [Vehicle] Code violations. But the search was conducted I find incident to a lawful arrest. You've never challenged the lawfulness of the arrest on the arrest warrants that were outstanding when the car was stopped.

N.T., 2/17/2021, at 9–10.

Wible moved for reconsideration on March 3, 2021, challenging the application of the search-incident-to-arrest doctrine. The suppression court denied Wible's motion for reconsideration on March 9, 2021.

On March 8, 2021, the case proceeded to a stipulated non-jury trial. The trial court acquitted Wible of receiving stolen property and found him guilty of the remaining offenses. On June 1, 2021, the court sentenced Wible to an aggregate term of 11½ to 23 months of imprisonment followed by 2 years of probation. On June 11, 2021, Wible filed a post-sentence motion requesting additional credit for time served; the trial court granted Wible's motion with an amended sentence order on July 9, 2021.

Wible filed a notice of appeal on July 1, 2021, while his post-sentence motion was pending.[4] Wible filed a concise statement of errors on December 15, 2021. The trial court entered its opinion on March 17, 2022.

Wible raises the following issue for our review:

Whether the trial court erred in denying Mr. Wible's motion to suppress, where the police conducted a warrantless search of his satchel bag found inside the vehicle in which he was a passenger, but the search-incident-to-arrest exception did not apply under the facts and circumstances at hand?

---

[4] We decline to quash the premature appeal and instead treat it as filed when the trial court granted Wible's post-sentence motion. *Commonwealth v. Little*, 879 A.2d 293, 296 n.6 (Pa. Super. 2005); Pa.R.A.P. 905(a)(5).

Wible's Brief at 6.

Wible does not contest the validity of the traffic stop or his arrest based on outstanding warrants. Rather, he argues that the suppression court erred because the search of his satchel exceeded the constitutionally permissible scope of a search incident to arrest. Wible's Brief at 16–30. He directs us to **Commonwealth v. Lutz**, 270 A.3d 571, 579–80 (Pa. Super. 2022), where this Court recently reversed the denial of suppression of the fruits of a search of a handcuffed arrestee's vehicle.

The Commonwealth gives three ways to affirm the denial of suppression. Commonwealth's Brief at 13–23. First, it argues that the search was valid as incident to arrest because Wible could reach the satchel and the satchel could have contained evidence of drug use. Second, it submits that the search was part of a protective sweep before letting the driver back in her car. Third, it posits that the evidence would have been inevitably discovered in an inventory search.

On a challenge to the denial of a motion to suppress, this Court's review:

is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial.

***Commonwealth v. McMahon***, 280 A.3d 1069, 1071 (Pa. Super. 2022)

(quoting ***Commonwealth v. Yandamuri***, 159 A.3d 503, 516 (Pa. 2017)).

> "The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures, thereby ensuring the right of each individual to be let alone." ***Commonwealth v. By***, 812 A.2d 1250, 1254 (Pa. Super. 2002) (citations and quotation marks omitted). "A warrantless search or seizure is presumptively unreasonable under the Fourth Amendment and Article I, § 8, subject to a few specifically established, well-delineated exceptions." ***Commonwealth v. McCree***, [924 A.2d 621, 627 (Pa. 2007)] (citation omitted). These exceptions include "the consent exception, the plain view exception, the inventory search exception, the exigent circumstances exception, the automobile exception, ... the stop and frisk exception, and the search incident to arrest exception." ***Commonwealth v. Simonson***, 148 A.3d 792, 797 (Pa. Super. 2016) (citation omitted).

***Commonwealth v. Smith***, 285 A.3d 328, 332 (Pa. Super. 2022).

We provide a brief history of the automobile exception in Pennsylvania. Previously, a warrantless vehicle search required both probable cause (that the vehicle contains evidence of criminal activity) and exigent circumstances (that prevent the police from securing a warrant). ***E.g.***, ***Commonwealth v. White***, 669 A.2d 896, 900 (Pa. 1995) (listing as a third requirement the inherent mobility of a vehicle—that its occupants will drive off with its contents never found again). In 2014, a plurality of the Supreme Court fully adopted the federal automobile exception, requiring only probable cause, not exigent circumstances. ***Commonwealth v. Gary***, 91 A.3d 102, 104 (Pa. 2014) (OAJC) (requiring no more exigency than a vehicle's inherent mobility). On December 22, 2020, the court returned to the pre-***Gary*** rule requiring both

probable cause and exigent circumstances, a case-specific determination. ***Commonwealth v. Alexander***, 243 A.3d 177, 207–08 (Pa. 2020).

Here, Wible moved to suppress eight days after the ***Alexander*** decision and has consistently argued for its application to his case. He thus receives the benefit of ***Alexander***'s exigent circumstances requirement, even though the search happened while ***Gary*** controlled. ***Commonwealth v. Heidelberg***, 267 A.3d 492, 502–03 (Pa. Super. 2021) (citing ***Commonwealth v. Grooms***, 247 A.3d 31, 37 nn.8–9 (Pa. Super. 2021)) (limiting retroactive application of ***Alexander*** unless the defendant preserved the issue before the suppression court). Here, under ***Alexander***, because the suppression court found no exigent circumstances, the search was illegal unless another exception to the warrant requirement applies.

In denying suppression, the suppression court concluded that the police did not need a warrant because the search of the satchel was incident to Wible's arrest.

> "The search incident to arrest exception allows arresting officers, in order to prevent the arrestee from **obtaining a weapon** or **destroying evidence**, to search both **the person arrested** and the area within his **immediate control**." ***Commonwealth v. Simonson***, 148 A.3d 792, 799 (Pa. Super. 2016) (citation omitted; emphasis added). Furthermore, this "exception to warrantless searches permits police to search an arrestee's **person** as a matter of course, without a case-by-case adjudication of whether such search is likely to protect officer safety or evidence." ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1198 (Pa. Super. 2018) (*en banc*) (emphasis added; citation omitted). "Stated another way, in all cases of lawful arrests, police may fully search the **person** incident to the arrest."

> ***Commonwealth v. Ingram***, 814 A.2d 264, 272 (Pa. Super. 2002) (emphasis added; citation omitted).

***Lutz***, 270 A.3d at 579–80. The Supreme Court explained that "an automobile search incident to a recent occupant's arrest is constitutional (1) if the arrestee is within reaching distance of the vehicle during the search, or (2) if the police have reason to believe that the vehicle contains 'evidence relevant to the crime of arrest.'" ***Davis v. United States***, 564 U.S. 229, 234–35 (2011) (citing ***Arizona v. Gant***, 556 U.S. 332, 343 (2009)); ***accord White***, ***supra***; ***Commonwealth v. Timko***, 417 A.2d 620, 622–23 (Pa. 1980).[5]

Here, the suppression court's factual findings do not support that Wible was within reaching distance of the satchel when the police searched it. Even if the arrest and search happened at the same time,[6] there is no evidence that Wible could have grabbed the satchel when he was arrested outside of the car. Further, the suppression court found that Wible was arrested for outstanding warrants, not for suspected drug use. Thus, the police would have had no reason to believe that the car contained evidence relevant to "the crime of arrest" to permit a warrantless search. ***Davis***, ***supra***. Therefore, the suppression court erred in concluding that the warrantless search of the satchel was valid under the search-incident-to-arrest exception.

---

[5] Wible has not argued how Pennsylvania law on the scope of a search incident to arrest would provide greater protections than federal law in this case. ***See Commonwealth v. Edmunds***, 586 A.2d 887, 895 (Pa. 1991).

[6] Detective Maritz testified that he searched the satchel "[o]nce [Wible] was removed from the vehicle." N.T., 1/7/21, at 15.

Since we may affirm on any ground, we next examine the other reasons the Commonwealth argues the search was still valid. First, the Commonwealth contends that the search of the satchel on the floor of the car was justifiable as a protective sweep before the police allowed the driver back to the car. The suppression court did not enter a factual finding whether the police intended to let the driver return to the car.[7] Because the suppression court did not find the requisite facts to support this theory, we decline to affirm the denial of suppression on this basis.

Second, the Commonwealth argues that the evidence was admissible under the inevitable discovery doctrine. However, the record is clear that Wible left the satchel in the car when he was arrested. Thus, Wible was not bringing the satchel with him to the station. Therefore, the police would not have searched it when taking inventory of his personal effects. As such, there would have been no inevitable discovery.

In sum, the police did not have a valid reason to conduct a warrantless search of the satchel. The suppression court found no exigent circumstances. The court did not find that the satchel was within Wible's reach at the time of the search, nor that Wible was arrested for an offense that would have suggested the satchel contained relevant evidence of the crime, either of which would have permitted the police to search the satchel incident to Wible's

_____

[7] Detective Maritz testified that the driver was free to leave "prior to the search." N.T., 1/7/21, at 18. Wible stated in his brief to the suppression court that she was detained and not free to leave. Brief, 1/21/21, at 5–6.

arrest. Further, the suppression court did not find that the driver was free to go, which could have supported the search of the satchel as part of a protective sweep. And finally, the police would not have searched the satchel from the car when Wible arrived for booking, because Wible left it in the car. For the police to search the satchel, they needed a warrant or a valid reason to open it without a warrant. Because they had neither, the suppression court erred in denying Wible's motion to suppress. Accordingly, we reverse.

Judgment of sentence vacated. Order denying suppression reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2023